**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4546

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO MORENO GONZALES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-04-329)

Submitted: June 28, 2006          Decided: July 19, 2006

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Antonio Moreno Gonzales on charges of possession with intent to distribute 5931.9 grams of cocaine hydrochloride and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1) (2000) and 18 U.S.C. § 924(c)(1) (2000), respectively. The district court sentenced Gonzales to a total of 120 months' imprisonment. Gonzales now appeals, challenging only the district court's denial of his motion to suppress evidence seized incident to his arrest.

In denying Gonzales' motion to suppress, the district court found that the police officers possessed a reasonable articulable suspicion that Gonzales was engaged in drug trafficking. The district court further found that, based on the totality of the circumstances, the officers reasonably approached Gonzales' vehicle with their weapons drawn and, after observing Gonzales make a movement toward his waist consistent with a "weapons check," handcuffed Gonzales and placed him on the ground. Moreover, the district court found that, once Gonzales' firearm became visible, the officers had probable cause to arrest Gonzales.

On appeal, Gonzales claims the officers converted the encounter into a custodial arrest prior to the point at which his concealed firearm became visible. We review the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. See Ornelas v. United

States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

"An officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000); see Terry v. Ohio, 392 U.S. 1, 30 (1968). To conduct a Terry stop, there must be "at least a minimal level of objective justification for making the stop." Wardlow, 528 U.S. at 123. Reasonable suspicion requires more than a hunch but less than probable cause and may be based on the collective knowledge of officers involved in an investigation. Id. at 123-24; see also United States v. Hensley, 469 U.S. 221, 232 (1985).

In assessing police conduct in a Terry stop, we look to the totality of the circumstances. United States v. Sokolow, 490 U.S. 1, 8 (1989). An officer conducting a lawful Terry stop may take steps reasonably necessary to protect his personal safety and to maintain the status quo during the course of the stop. Maryland v. Wilson, 519 U.S. 408, 413-15 (1997); Hensley, 469 U.S. at 235. Moreover, a brief but complete restriction of liberty is permitted under Terry. United States v. Moore, 817 F.2d 1105, 1108 (4th Cir. 1987). A show of force, including the drawing of weapons

or handcuffing, does not necessarily connote an arrest. <u>See</u> <u>United States v. Sullivan</u>, 138 F.3d 126, 131-32 (4th Cir. 1998); <u>United States v. Sinclair</u>, 983 F.2d 598, 602 (4th Cir. 1993); <u>United States v. Crittendon</u>, 883 F.2d 326, 328 (4th Cir. 1989).

With these principles in mind, and after a careful review of the record, we conclude that the district court did not err in denying Gonzales' motion to suppress. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>